**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION**

**UNITED STATES OF AMERICA**                                             **PLAINTIFF**

        **v.**         **Criminal Case No. 09-50103**

**MANUEL A. GAXIOLA**                                                  **DEFENDANT**

**O R D E R**

Now on this 28th day of February, 2012, come on for consideration the following:

*    Defendant's **Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody** ("Motion to Vacate") (document #79);

*    the Magistrate Judge's **Report And Recommendation** (document #84); and

*    **Defendant-Petitioner's Written Objections To The Magistrate Judge's Report And Recommendation** (document #85),

and the Court, being well and sufficiently advised, finds and orders as follows:

1.    Defendant Manual Gaxiola ("Gaxiola") pled guilty to one count of aiding and abetting distribution of a controlled substance. He was sentenced to 120 months incarceration, five years supervised release, a fine of $25,000, and a special assessment of $100.

2.    Gaxiola appealed his sentence, contending that the Court erred by imposing a two-level leadership enhancement under

**U.S.S.G. § 3B1.1(c)** (applicable where a defendant was an organizer, leader, manager, or supervisor in criminal activity) and not granting him a "safety valve" reduction.

The Eighth Circuit Court of Appeals affirmed Gaxiola's sentence, noting that according to uncontroverted information in the Presentence Investigation Report ("PSR"), Gaxiola had told an undercover officer that he was the boss of a codefendant and directed another codefendant to deliver methamphetamine, and that supervision of one other participant in criminal activity would justify the enhancement. Because of his leadership role, Gaxiola did not qualify for "safety valve" relief.

3. In his petition for relief under **28 U.S.C. § 2255**, Gaxiola contends that the government breached the Plea Agreement by advocating for an enhancement under **§ 3B1.1(c)**, and that his defense attorney provided ineffective assistance of counsel by failing to object.

4. Gaxiola's **§ 2255** Petition was referred to United States Magistrate Judge James R. Marschewski for Report And Recommendation. Judge Marschewski reported that, under prevailing legal precedent, Gaxiola had to show (a) errors by his attorney so serious that he was not functioning as the "counsel" guaranteed by the Sixth Amendment; (b) a reasonable probability that but for those errors, the outcome of his sentencing would have been different; and (c) a reasonable probability that but for the

errors he would not have pled guilty, but would have insisted on going to trial.

In addition, Judge Marschewski noted legal precedent to the effect that allowing the government to breach a plea agreement, a document contractual in nature, would violate due process, and that the party asserting such a breach has the burden of proving it.

5. Judge Marschewski then reviewed Gaxiola's Plea Agreement, finding it silent on the issue of leadership role enhancement. He reported that a breach could not be found in the face of such silence.

He further reported that Gaxiola did not contend that either the government or his defense attorney made any specific promises to him, and that the Plea Agreement reflected that any discussions of Guideline range during plea negotiations "merely attempt[ed] to guess at what appears to be the correct guideline range and do not bind the district court."

6. Judge Marschewski reviewed the authorities cited by Gaxiola, and distinguished them, concluding that any objection Gaxiola's attorney had asserted that the government breached the Plea Agreement would have been meritless, and it cannot be ineffective assistance of counsel to fail to raise a meritless argument.

7. Finally, Judge Marschewki found no basis to conduct an

evidentiary hearing, because on the record before him he found that the government did not breach the Plea Agreement.

Based on the foregoing findings, Judge Marschewski recommended that Gaxiola's Petition be dismissed with prejudice.

8. Gaxiola objections, while variously phrased, fall into two categories. His primary objection is that Judge Marschewski is simply wrong on the law. He contends that "the government breached the plea agreement by advocating for a sentence enhancement under USSG § 3B1.1(c) when the agreement is silent on that regard. This action of the government is prohibited."

He argues that "[t]he essential question is whether the government's conduct is consistent with Gaxiola's reasonable understanding of the agreement," and that Judge Marschewski misread, or misapplied, **U.S. v. Peck, 496 F.3d 885 (8th Cir. 2007); U.S. v. Cheek, 69 F.3d 231 (8th Cir 1995); and U.S. v. Kramer, 12 F.3d 130 (8th Cir. 1993)**.

9. This objection will be overruled. It is answered quite simply and directly in **Cheek**. Cheek's plea agreement was silent on the issue of leadership role enhancement, did not indicate that Cheek would receive any specific sentence, and stated that it was the parties' complete agreement. The court found no breach of the plea agreement when the government requested a **§ 3B1.1(c)** enhancement at sentencing.

The same situation obtains here:

* Gaxiola's Plea Agreement is silent on the issue of leadership role enhancement.

* The Plea Agreement does not indicate that Gaxiola would receive any specific sentence. To the contrary, ¶10 acknowledges that the Court "is not bound by the Guidelines and may sentence the defendant to any sentence within the statutory range." Paragraph 11 acknowledges that discussions about the possible guideline range "merely attempt to guess at what appears to be the correct guideline range and do not bind the district court." Paragraph 18 contains an agreement that nothing in the Plea Agreement binds the district court to "make any particular application of the Sentencing Guidelines."

* The Plea Agreement is the complete agreement of the parties. Paragraph 24 contains an acknowledgment that the Plea Agreement contains the "entire agreement" of the parties, and that "no oral agreements or promises . . . have been made to induce the defendant to change his plea to guilty."

10. Gaxiola also relies on **U.S. v. Austin**, **255 F.3d 593 (8th Cir. 2001)**, specifically footnote 5:

> Although we do not find sufficient evidence to establish that the Government violated the plea agreement in this case, we note that it is not uncommon for the Government to omit controversial provisions from a plea agreement knowing that Probation will include that provision in the PSR. As a result, defendants may be subject to sentencing enhancements that, if known at the time of entering into the plea agreement, would likely have affected their decisions to plead guilty. Our decision in this case in no way condones such practices. The

> Government must act in a forthright and honest manner when entering into plea agreements with criminal defendants. The ends of justice demand nothing less.

11. This Court certainly agrees that justice demands honesty on the part of the government in entering into plea agreements, but here there is no evidence of dishonesty. Such evidence was not found even in **Austin**, where the defendant was allowed to withdraw from his first plea agreement because he objected to its inclusion of a **§ 3B1.1(c)** enhancement. A second plea agreement was negotiated which did not mention the enhancement, yet the government supported the enhancement at sentencing. The court there held that in the absence of "concrete evidence that the Government agreed not to pursue or support a § 3B1.1 enhancement, the Government will not be deemed to have breached the plea agreement by supporting such an enhancement." *Id.,* **255 F.3d at 593.**

12. Gaxiola's other objections go to Judge Marschewski's statement that Gaxiola did not contend that either the government or his defense attorney made any specific promises to him. Gaxiola contends, to the contrary, that his attorney promised him that his sentence would be "six or seven years" (or, elsewhere, "a maximum 87 months"), and that he qualified for "safety valve" relief. He contends that the government promised him he would be sentenced "within the applicable guideline range as per the plea agreement which does not consider role enhancement."

13. This objection will be overruled, because specific language in the Plea Agreement, cited in ¶9, *supra*, negates it. Considering that the Plea Agreement states in three separate places that it is not setting out a specific or binding sentence, it could hardly have been clearer that there were no guarantees about the sentence Gaxiola would receive.

Moreover, ¶24 states that "this plea agreement constitutes the entire agreement of the parties. Further, all parties agree that there are no oral agreements or promises which have been made to induce the defendant to change his plea to guilty." Such language is evidence that the parties intended to integrate their entire agreement into the Plea Agreement, and Gaxiola should not now be heard to say this was not the case.

14. Having overruled Gaxiola's objections, the Court agrees with Judge Marschewski that any objection Gaxiola's attorney might have asserted to the effect that the government breached the Plea Agreement would have been meritless, and the failure to object will not support an ineffective assistance of counsel claim. Phrased another way, there is no reasonable probability that, but for the failure to make this objection, the outcome of Gaxiola's sentencing would have been different. Gaxiola's ineffective assistance of counsel claim is, therefore, without merit, and will be dismissed with prejudice.

**IT IS THEREFORE ORDERED** that **Defendant-Petitioner's Written**

**Objections To The Magistrate Judge's Report And Recommendation** (document #85) are **overruled.**

**IT IS FURTHER ORDERED** that the Magistrate Judge's **Report And Recommendation** (document #84) is **adopted in toto.**

**IT IS FURTHER ORDERED** that defendant's **Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody** ("Motion to Vacate") (document #79) is **dismissed with prejudice.**

**IT IS SO ORDERED.**

                                           /s/ Jimm Larry Hendren
                                          **JIMM LARRY HENDREN**
                                          **UNITED STATES DISTRICT JUDGE**