**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**FAYETTEVILLE DIVISION**

UNITED STATES OF AMERICA                                              PLAINTIFF

    v.    Criminal Case No. 09-50103

MANUEL A. GAXIOLA                                                     DEFENDANT

### O R D E R

Now on this 29th day of June, 2012, come on for consideration the following:

    \*    defendant's **Application To Proceed In District Court Without Prepaying Fees Or Costs** ("IFP Motion") (document #98);

    \*    the **Magistrate Judge' Report And Recommendation** ("R&R") (document #99); and

    \*    **Petitioner's Objections Pursuant To 28 U.S.C. § 636(b)(1)** ("Objections") (document #100);

and from these documents, and other matters appearing in the docket of this case, the Court finds as follows:

1.  Defendant Manuel A. Gaxiola ("Gaxiola") pled guilty to one count of a seven count Indictment, charging him with aiding and abetting distribution of a controlled substance. He was sentenced to 120 months' incarceration, five years' supervised release, $25,000 fine, and $100 special assessment.

2.  Gaxiola appealed his sentence, which was affirmed. He then filed a petition for relief under **28 U.S.C. § 2255**, which authorizes collateral attack on sentences by prisoners in custody

under sentence of a United States District Court. He contended that he received ineffective assistance of counsel because his defense attorney "failed to argue the breach of the plea agreement by the government." The breach, according to Gaxiola, was that the government advocated for an enhanced sentence under **U.S.S.G. § 3B1.1.** (which authorizes sentence enhancement for a defendant who had a leadership role in the offense) when the Plea Agreement did not mention such an enhancement.

3. Gaxiola's **§ 2255** petition was referred to United States Magistrate Judge James R. Marschewski, who filed a Report And Recommendation. Judge Marscheski reported that there is no breach of a plea agreement when the government seeks an enhancement and the plea agreement is silent in that regard, and thus failure to raise the argument could not have been ineffective assistance of counsel. He recommended that Gaxiola's petition be dismissed with prejudice.

4. The Court adopted the Report And Recommendation, and dismissed Gaxiola's petition.

5. Gaxiola filed a Notice Of Appeal following the Court's denial of his petition under **28 U.S.C. § 2255.** This document was also treated as a motion for a Certificate of Appealability ("COA"). In denying the COA, this Court found that Gaxiola had filed to make a substantial showing of the denial of a constitutional right, as required by **28 U.S.C. § 2253(c)(2).**

6. Gaxiola also filed the IFP Motion now under consideration. This motion was referred to Magistrate Judge Erin L. Setser, who recommended, in the R&R, that leave to appeal in forma pauperis be denied because Gaxiola did not have a COA, a jurisdictional prerequisite to his appeal.

7. Gaxiola objects to the R&R because this Court, in denying the COA, "did not indicate whether or not an appeal of the court's order would be taken in good faith." He cites **28 U.S.C. § 1915(a)(3)**, which provides that "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."

8. Gaxiola's argument has some foundation in the law, in that "good faith" under **§ 1915(a)(3)** is not the same thing as "a substantial showing of the denial of a constitutional right" under **§ 2353(c)(2)**. The latter is a higher standard than the former. **Kramer v. Kemna**, **21 F.3d 305, 307 (8th Cir. 1994)**. Thus, conceivably, a **§ 2255** petitioner might appeal in good faith even though he has failed to make a substantial showing of the denial of a constitutional right.

9. Notwithstanding the foregoing, the Court will overrule Gaxiola's objections. "Good faith" for purposes of **§ 1915(a)(3)** means that, viewed objectively, the issues on appeal are not frivolous. **Coppedge v. U.S.**, **369 U.S. 438, 445 (1962)**. A review of this Court's Order denying the **§ 2255** petition (document #91)

reveals that one of the two issues asserted by Gaxiola is disposed of by direct precedent in this Circuit, and the other is disposed of by multiple provisions in the Plea Agreement he signed. Moreover, at no time has Gaxiola ever articulated any basis, factual or legal, for his claim that he can make a substantial showing of the denial of a constitutional right. Even in his Objection to the R&R, he simply recites the **§ 2253(c)(3)** standard.

10. For these reasons, the Court finds that Gaxiola's appeal is frivolous, and therefore not taken in good faith. That being the case, there is no basis to allow him to appeal in forma pauperis, and the Court finds that the R&R denying that status is correct, and should be adopted.

**IT IS THEREFORE ORDERED** that the **Magistrate Judge' Report And Recommendation** (document #99) is **adopted in toto.**

**IT IS FURTHER ORDERED** that **Petitioner's Objections Pursuant To 28 U.S.C. § 636(b)(1)** (document #100) are **overruled.**

**IT IS FURTHER ORDERED** that defendant's **Application To Proceed In District Court Without Prepaying Fees Or Costs** (document #98) is **denied.**

**IT IS SO ORDERED.**

                                                 /s/ Jimm Larry Hendren
                                                **JIMM LARRY HENDREN**
                                                **UNITED STATES DISTRICT JUDGE**